UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **EDEKKA, LLC,**<br>　　　**Plaintiff,**<br>v.<br>**3BALLS.COM, INC.,**<br>　　　**Defendant.** | **CIVIL ACTION NO. 2:15-cv-541**<br><br>**(Consolidated Lead Case)**<br><br>**PATENT CASE** |

## eDISCOVERY ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

**I.　Proposed Stipulations by the Parties Regarding eDiscovery:**

　　A.　E–Mail Search Procedure:

　　　　1.　By October 16, 2015, the parties shall exchange a list of proposed custodians containing five (5) of the party's own proposed custodians (including information such as job title and a reasonable explanation describing each custodian's role within the party's organization) that the party offers to be searched for e–mail ; and

　　　　2.　Within 14 days after receipt of the list in paragraph A.1 above, the opposing party shall provide a list of up to ten (10) search terms for each custodian[1] that the party proposes be applied to e–mail in connection with the search for and production of e–mail.

　　　　3.　After the exchange of proposed search terms pursuant to paragraph A.2 above, the parties shall confer to determine whether any disagreement exists as to the proposed custodian and/or search terms proposed. If, after

---

[1] A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. In addition, indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction.

the parties confer, any party remains at an impasse with the adverse party concerning its e–mail discovery obligations, such party and the adverse party will proceed with discovery to the extent not disputed and advise the Court of the remaining disputes so that the Court can resolve any outstanding issues.

(c) <u>E–Mail Search Terms</u>: A party need only collect and review for relevance and privilege e–mail matching the agreed upon search terms and such documents' family members. E–mail not hitting on the agreed upon search terms need not be collected, reviewed for relevance or privilege, logged on any privilege log, or produced. The parties agree to promptly meet and confer in good faith, as necessary, should a search term result in a high number of irrelevant documents or an unduly burdensome number of documents and the fact that the parties have agreed upon search terms will not foreclose a party's right to seek to limit a term or exclude it based on "false hits" or an unduly burdensome volume of hits;

(d) <u>Forensic Data Collection</u>: The parties need not employ any forensic data collection or tracking methods and technologies except when and to the extent there is good cause to believe specific, material concerns about authenticity or spoliation exist with respect to specific documents and materials;

(e) <u>Excluded File Types and Extensions</u>: A party is generally not required to search, review, collect, or produce the following categories of electronic files except when those files are relevant and attached or identified in a text file, or specifically requested by a party (subject to any appropriate objections that may be lodged):

   (1) any electronic file which matches the Reference Data Set published by the National Institute of Standards and Technology's National Software Reference Library;

   (2) system or executable files (.exe, .dll, etc.);

   (3) audio, video, or audio-visual information (.wav, .mp3, .avi, .swf, etc.);

   (4) telephonic recordings;

   (5) unreadable or corrupt files; and

   (6) any other file types subsequently agreed by the parties.

(f) <u>Duplicates</u>: If a responsive document is located on a centralized server or network, an individual employee's computer, or otherwise located within a party's possession, custody or control, the party shall not be required to produce or to preserve multiple copies of the same document, and are permitted to employ global de-duplication. This paragraph modifies the obligations set forth in paragraph 3(a) and (b) of the Discovery Order; and

**II.     Proposed Stipulations by the Parties Regarding Document Production Format:**

(a)    The parties have agreed to produce all responsive ESI, including e-mails, in searchable, single page TIFF format with appropriate accompanying document load files (*e.g.*, .dat and .opt files).  In addition, e-mail production will contained, at least, the following data fields: FromAddress (or FromName), ToAddress (or ToName), CCAddress (or CCName), and DateSent (or DateReceived). The parties, however, reserve the right to request the production of any particular ESI document in its native format (or to in fact produce certain documents in native format), and the parties agree to meet-and-confer to accommodate reasonable requests. The parties agree to conduct additional meet-and-confer conferences, as necessary, to reach further agreement on electronic document production; and

(b)    All document production (including electronically stored information) will be produced electronically in the following format:

(1)    single-page, Group IV, 300 dpi TIFF images;

(2)    document-level text (.txt) files for the TIFF images (except when the process would result in the inclusion of redacted data, all TIFF images are to be accompanied with extracted text from the native files when that text is available or OCR text when not available; documents produced in redacted form must be accompanied by an OCR text file of the redacted image);

(3)    e-mail shall be produced, including images and text. Additionally, the parties reserve the right to request certain metadata fields, if necessary. E-mails will be produced followed by production of any associated responsive attachments, so that parentage is maintained; and

(4)    the parties acknowledge that (i) spreadsheets shall be produced in either native or TIFF format and the parties reserve the right to also request the unproduced format for specified spreadsheets; and (ii) spreadsheets produced in native format or hard copy can only be used in depositions, hearings, court filings, expert reports, discovery responses, and at trial with the corresponding TIFF-formatted copies as produced by the relevant party attached to them.

**IT IS SO ORDERED.**