**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| EDEKKA LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>3BALLS.COM, INC.,<br><br>    Defendant. | CASE NO. 2:15-cv-00541-JRG<br>(Lead Case)<br><br>JURY TRIAL DEMANDED |
| EDEKKA LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>E REVOLUTION VENTURES, INC.,<br><br>    Defendant. | CASE NO. 2:15-cv-00585-JRG<br>(Lead Case)<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' BRIEF IN SUPPORT OF MOTIONS FOR
SUMMARY JUDGMENT PURSUANT TO 35 U.S.C. § 101**

No matter how Plaintiff packages its response, the '674 patent claims do not recite patent-eligible subject matter and there are no genuine issues of material fact that would preclude the Court from invalidating the claims on summary judgment. Plaintiff's attempts to manufacture factual issues are merely distractions attempting to delay a decision on the merits of Defendants' motions.[1] *First*, nothing in the Declaration of Robert J. Sherwood in Opposition to Section 101 Motions to Dismiss ("Sherwood Declaration") raises an issue of material fact. The declaration neither warrants a finding that the claims are valid nor justifies any reason to delay decision on Defendants' motions. *Second*, there are no plausible claim constructions that would make the '674 claims patent-eligible, and Plaintiff has not identified and cannot identify any such claim constructions. *Third*, while Defendants argue that the '674 claims preempt the field of storing and labeling information, any dispute on that issue does not give rise to a genuine issue of material fact. *Fourth* and finally, Defendants attach excerpts from the file history showing that neither the patentee nor the Patent Office viewed the invention as pertaining to a special-purpose computer. Despite Plaintiff's best attempts at hand-waving, it has failed to rebut Defendants' arguments. For these reasons and the myriad reasons raised in the Defendants' previous briefs, the Court should find the '674 Patent invalid and grant Defendants' converted motions for summary judgment.

A.   **The Sherwood Declaration Does Not Generate a Fact Issue**

Plaintiff relies heavily on the Sherwood Declaration, but it does not create any genuine issue of material fact due to its failure to provide support for its summary conclusions. *See* Pl.'s Resp. at 11-14.[2] Mr. Sherwood's contention that claim 5 requires a "special software application"

---

[1] Defendants are Mattress USA, Inc.; Giftports, Inc.; Action Envelope & Printing Co.; Aldo U.S. Inc.; Asics America Corporation; Cymax Stores USA, LLC; Encore Holdings, LLC; Garrett Brands LLC; Gemvara Inc., Guess ?, Inc.; iHerb, Inc.; International Coffee & Tea, LLC; Levenger Company; Minted, LLC; Nanal, Inc.; Overnightprints, Inc. Skinnycorp, LLC.; Sweetwater Sound, Inc.; TGIB Marketing, Inc.; The Life Is Good Company; Toni&Guy U.S.A., LLC; Walking Company Holdings, Inc.; Webbed Sphere, Inc. Vineyard Vines, LLC; Paul Frederick Menstyle, Inc.; Forever 21, Inc.; Ms. Fields Gifts, Inc.; Luxury Brand Holdings, Inc.; Mars, Inc.; Columbia Sportswear Co.; and Organize-it LLC.

[2] All references to Pl.'s Resp. are made to Plaintiff eDekka's Response in Opposition to Action Envelope & Printing Co., Aldo U.S. Inc., AM Retail Group, Inc. d/b/a Wilson's Leather, Asics America Corporation,

or "a special application" is mere *ipse dixit* and is not entitled to any weight. *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) (affirming exclusion of an expert's conclusions connected "only by the *ipse dixit* of the expert"); *Kroy IP Holdings, LLC v. Safeway, Inc.*, No. 2:12-cv-800-WCB, 2015 WL 3452469, at *21 (E.D. Tex. May 29, 2015) (Bryson, J., sitting by designation) ("There are several problems with Mr. Sherwood's declaration.  Although he referred to 'specialized software and hardware working together . . . ,' he pointed to nothing in the claims or specification that identifies any novel computer technology or function.").  Like his declaration in *Kroy*, Mr. Sherwood references a "special software application," which only implements the abstract idea and "add[s] nothing that would convert that abstract idea into a patentable invention." *See Kroy*, 2015 WL 3452469, at *21; Decl. of Robert Sherwood in Support of Kroy's Opposition to Defendants' Motion for Summary Judgment of Invalidity Under 35 U.S.C. Section §101, *Kroy IP Holdings, LLC v. Safeway, Inc.*, No. 2:12-cv-800-WCB, Dkt. 147-4, at ¶ 25-26 (attached as Ex. 1); *see also Eclipse IP LLC v. McKinley Equip. Corp.*, No. SACV 14-154-GW (AJWx), 2014 WL 4407592, at *7 (C.D. Cal. Sept. 4, 2014) ("Of course, the computers used to implement the idea will have to be 'specially programmed' to carry out the instructions.  But that is true of all computer-implemented inventions.  A patent applicant may not 'claim any principle of the physical or social sciences by reciting a computer system configured to implement the relevant concept.'" (quoting *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2359 (2014)).  Mr. Sherwood's contention that the patent requires specialized programming fails because it is merely *ipse dixit* unsupported by any evidence.  Moreover, even if accepted as true, his statements do not support a finding that the claims require a special purpose computer. *See Kroy*, 2015 WL 3452469, at *21.

Plaintiff also points to the Sherwood Declaration for its argument that the claims improve the functionality of the computer technology by increasing efficiency and effectiveness of the system.  Pl.'s Resp. at 11.  Despite still only being the *ipse dixit* of Mr. Sherwood (and, therefore,

---

Bebe Studio, Inc., and Cymax Stores USA, LLC's Section 101 Motion to Dismiss, *eDekka v. 3balls.com, Inc.*, Dkt. No. 2:15-cv-541-JRG, Dkt. No. 32.

not entitled to any weight), it still does not warrant patent eligibility even if Mr. Sherwood's opinions were accepted as true.  As the Supreme Court recognized in *Alice*, "the computer implementation did not supply the necessary inventive concept; the process could be 'carried out in existing computers long in use.'"  *Alice*, 134 S. Ct. at 2357 (quoting *Gottschalk v. Benson*, 409 U.S. 63, 67 (1972)).  Plaintiff repeatedly misapplies the law as it argues that the incidental benefits of implementing the abstract idea are meaningful limitations.  *See Enfish, LLC v. Microsoft Corp.*, 56 F. Supp. 3d 1167, 1181 (C.D. Cal. 2014) ("Undoubtedly, tables improve data storage on a computer, but only inasmuch as tables improve data storage when used in **any** technological environment.").  Necessarily, this cannot be the law or nearly every computer-implemented patent would be patent eligible.  *See, e.g.*, *Gottschalk v. Benson*, 409 U.S. 63, 65-67 (1972) (invalidating claims that would increase speed by programming a computer to covert binary-coded decimal into pure binary numerals); *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*, 776 F.3d 1343, 1345 (Fed. Cir. 2014) (invalidating claims that would improve computer efficiency in recognizing fields of information from scanned documents).  Plaintiff's arguments and use of the Sherwood Declaration fail to raise a fact issue as to whether the claims of the '674 Patent are patent-eligible.

### B.  Claim Construction Is Not Necessary in This Case

Plaintiff also fails to raise any relevant claim construction argument that would preclude decision on Defendants' motions.  *Uniloc USA, Inc. v. E-MDS, Inc.*, No. 6:14-cv-625-RWS, Dkt. No. 315, at 6 n.2 (E.D. Tex. Aug. 19, 2015) ("Patentees should be prepared to explain why claim construction bears on the *Alice* analysis with more specificity and substance than simply saying the meaning of the claim terms are in dispute and therefore claim construction must happen prior to a § 101 motion.").  In *Uniloc*, the Court granted-in-part[3] defendants' motions to dismiss, finding

---

[3]  The Court denied portions of Defendants' motions relating to undiscussed claims, noting that on the record before it, the Court could not conclude that the discussed claims were representative.  *See Uniloc*, Dkt. No. 315, at 10-11, 12-13.  However, Defendants have addressed every claim in the briefing with a short explanation of any additional limitation and why that limitation is not meaningful.  *See, e.g.*, Motion

that the addressed claims were invalid as directed to an abstract idea—organizing medical data in a hierarchy—pursuant to the *Alice* framework. *Id.* at 7. The plaintiff in *Uniloc* argued that construing the term "linking" would provide an inventive concept. *Id.* at 9. Likewise, Plaintiff in this case has only provided a proposed claim construction—"a sequence of characters that identifies the location within source code"—for one term, "label."[4] *See* Pl.'s Resp. at 16. However, like the plaintiff in *Uniloc*, eDekka "fails to point to anything in the claim language, specification, or prosecution history that would somehow limit the construction of ['label']." *See Uniloc*, Dkt. No. 315, at 9; *see also* Pl.'s Resp. at 16-17. Even accepting Plaintiff's bald assertion that the term "label" should be limited to the provided "computer science" definition (to which they provide no evidence from where this definition is derived), it does not affect the *Alice* analysis as it requires only the implementation of a general-purpose computer, and nothing in the proposed construction limits it to a special-purpose computer. *See Alice Corp.*, 134 S. Ct. at 2350-51 ("Wholly generic computer implementation is not generally the sort of 'additional feature' that provides any 'practical assurance that the process is more than a drafting effort designed to monopolize the abstract idea itself.'" (alterations omitted) (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289, 1297 (2012))). Indeed, the art applied by the Patent Office during prosecution related primarily to dictaphones, which differ greatly from the internet shopping services accused of infringement in these cases.[5] eDekka has failed to propose any claim

---

to Dismiss for Failure to State a Claim Pursuant to 35 U.S.C. § 101, *eDekka LLC v. Mattress USA, Inc.*, No. 2:15-cv-661-JDG, Dkt. No. 11, at 13-18.

[4] Incidentally, both the specification and the file history indicate that the term "label" is not so narrowly defined. *See, e.g.*, the '674 Patent at 2:1-2 ("[T]he user may define a label to comprise any portion of an input speech segment . . . ."), 4:65-5:5 ("A label is an identifier which refers to speech information . . . [which] enables a user to identify the information. For example, speech information may comprise a shopping list for a birthday and the label may comprise the words "shopping list.""); Applicant's Appeal to the Board of Patent Appeals and Interferences in the Prosecution History of the '674 Patent, at 1, 3 (Jan. 30, 1995) (attached as Ex. 2) (noting that there are three ways to form a label including designation of a label by a user while the information "is being *replayed* to a user" (emphasis added)).

[5] Examiner's Final Rejection in Prosecution History of the '674 Patent, at 3, 5 (Sept. 23, 1994) (attached as Exhibit 3).

interpretation capable of both encompassing these disparate technologies and constituting a special-purpose computer.

"Were the court to accept [eDekka]'s conclusory arguments, the Court would endorse a rule that a § 101 motion can only precede claim construction with a patentee's blessing. But there is no such rule." *See Uniloc*, Dkt. No. 315, at 5 (citing *Content Extraction*, 776 F.3d at 1349); *see Clear with Computers, LLC v. Altec Indus., Inc.*, No. 6:14-cv-79, 2015 WL 993392, at *3 (E.D. Tex. Mar. 3, 2015) ("The Court . . . can formulate a characterization of the claims without construing the claims. . . . Furthermore, the Court sees no reason to delay its § 101 ruling while the parties continue to expend significant resources which will not impact or aid the Court in reaching this decision."). There is no plausible construction for the claim terms that would render any claim patent-eligible, and Plaintiff has not identified and cannot identify any such claim term and state how it affects the analysis.

### C. The Scope of Preemption Does Not Create a Factual Issue

Plaintiff argues that the '674 Patent does not completely preempt the abstract idea of storing and labeling information. But complete preemption is not the test for patent eligibility under the *Alice* § 101 analysis. *Uniloc*, Dkt. No. 315, at 8; *see also Ariosa Diagnostics, Inc. v. Sequenom, Inc.*, 788 F.3d 1371, 1379 (Fed. Cir. 2015) ("While preemption may signal patent ineligible subject matter, the absence of complete preemption does not demonstrate patent eligibility."). Therefore, even accepting Plaintiff's argument, a lack of total preemption does not salvage the claims. The claims still fail under *Alice*'s two-step framework.

Respectfully submitted,

*/s/ Jennifer H. Doan*
Jennifer H. Doan
Texas Bar No. 08809050
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile: (903) 255-0800
Email: jdoan@haltomdoan.com

Brent D. McCabe
Texas Bar No. 24088004
HALTOM & DOAN
Preston Park Financial Center West
4975 Preston Park Blvd., Suite 625 West
Plano, TX 75093
Telephone: (469) 814-0433
Facsimile: (469) 814-0422
Email: bmccabe@haltomdoan.com

**ATTORNEYS FOR DEFENDANTS MATTRESS USA, INC. AND GIFTPORTS, INC.**

*/s/ Stafford Davis (with permission)*
Stafford Davis
Texas Bar No. 24054605
THE STAFFORD DAVIS FIRM, P.C.
305 South Broadway, Suite 406
Tyler, Texas 75702
Telephone: (903) 593-7000
Facsimile: (903) 705-7369
Email: sdavis@stafforddavisfirm.com

**ATTORNEY FOR DEFENDANT MRS. FIELDS GIFTS, INC.**

/s/ Michael A. Bittner (with permission)
Neil J. McNabnay
Texas Bar No. 24002583
David B. Conrad
Texas Bar No. 24049042
Ricardo J. Bonilla
Texas Bar No. 24082704
Michael A. Bittner
Texas Bar No. 24064905
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091
Email: njm@fr.com
Email: conrad@fr.com
Email: rbonilla@fr.com
Email: bittner@fr.com

**ATTORNEYS FOR DEFENDANTS ACTION ENVELOPE & PRINTING CO., ALDO U.S. INC., ASICS AMERICA CORPORATION, CYMAX STORES USA, LLC, ENCORE HOLDINGS, LLC, GARRETT BRANDS LLC, GEMVARA INC., GUESS ?, INC., IHERB, INC., INTERNATIONAL COFFEE & TEA, LLC, LEVENGER COMPANY, MINTED, LLC, NANAL, INC., OVERNIGHTPRINTS, INC., SKINNYCORP, LLC, SWEETWATER SOUND, INC., TGIB MARKETING, INC., THE LIFE IS GOOD COMPANY, TONI&GUY U.S.A., LLC, WALKING COMPANY HOLDINGS, INC., WEBBED SPHERE, INC., and VINEYARD VINES, LLC**

/s/ Elliot J. Stein (with permission)
Stafford Davis
Texas Bar No. 24054605
THE STAFFORD DAVIS FIRM, P.C.
305 South Broadway, Suite 406
Tyler, Texas 75702
Telephone: (903) 593-7000
Facsimile: (903) 705-7369
Email: sdavis@stafforddavisfirm.com

        Elliot J. Stein (admitted *pro hac*)
        New Jersey Bar No. 022051975
        STEVENS & LEE
        100 Lenox Drive, Suite 200
        Lawrenceville, New Jersey 08648
        Telephone:  (609) 987-7050
        Facsimile:  (610) 371-8506
        Email: ejs@stevenslee.com

        **ATTORNEYS FOR DEFENDANT**
        **PAUL FREDERICK MENSTYLE, INC.**


        */s/ Allen F. Gardner (with permission)*
        Allen F. Gardner
        State Bar No. 24043679
        POTTER MINTON
        110 N. College, Suite 500
        Tyler, Texas  75702
        Telephone:  (903) 597-8311
        Facsimile:  (903) 593-0846
        Email:  allengardner@potterminton.com

        John VanOphem
        VanOphem IP Law PLC
        1585 S Hickory Ridge Rd
        Milford, MI 48380-1519
        Telephone:  (248) 817-8913
        Facsimile:  (248) 817-8915
        Email:  john@vanophemiplaw.com

        **ATTORNEYS FOR DEFENDANT**
        **ORGANIZE-IT, LLC**


        */s/ Daniel H. Brean (with permission)*
        Kent. E. Baldauf, Jr.
        Daniel H. Brean
        THE WEBB LAW FIRM
        One Gateway Center
        420 Fort Duquesne Blvd., Suite 1200
        Pittsburgh, PA 15222
        Telephone: (412) 471-8815

        **ATTORNEYS FOR DEFENDANT**
        **FOREVER 21, INC.**

/s/ Allen F. Gardner (with permission)
Allen F. Gardner
State Bar No. 24043679
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500
Tyler, Texas  75702
Telephone:  (903) 597-8311
Facsimile:  (903) 593-0846
Email:  allengardner@potterminton.com

Craig M. Scott (*pro hac vice*)
William R. Grimm (*pro hac vice*)
**HINCKLEY, ALLEN & SNYDER LLP**
100 Westminster, Suite 1500
Providence, RI  02903
Telephone:  (401) 274-2000
Facsimile:  (401) 277-9600
Email:  cscott@hinckleyallen.com
Email:  wgrimm@hinckleyallen.com

**ATTORNEYS FOR DEFENDANT
LUXURY BRAND HOLDINGS, LLC**


/s/ Michael E. Schonberg (with permission)
Michael E. Schonberg
State Bar No. 00784927
Justin S. Cohen
State Bar No. 24078356
**THOMPSON &KNIGHT LLP**
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Telephone:  214.969.1700
Facsimile:  214.969.1751
Email:  Mike.Schonberg@tklaw.com
Email:  Justin.Cohen@tklaw.com

**ATTORNEYS FOR DEFENDANT
COLUMBIA SPORTSWEAR COMPANY**

        */s/ Mark G. Davis (with permission)*
        Mark G. Davis
        DC Bar No. 412228 (admitted ED Tex.)
        Ronald J. Pabis
        DC Bar No. 473023 (admitted EDTex.)
        Khashayar Stephen Shahida
        DC Bar No. 454970 (admitted EDTex.)
        Patrick J. McCarthy
        DC Bar No. 990490 (admitted ED Tex.)
        Greenberg Traurig, LLP
        2101 L Street, N.W. Suite 1000
        Washington, D.C. 20037
        Telephone:  (202) 331-3104
        Facsimile:  (202) 331-3101
        Email: davisma@gtlaw.com
        Email: pabisr@gtlaw.com
        Email: shahidas@gtlaw.com
        Email: mccarthyp@gtlaw.com

        **ATTORNEYS FOR DEFENDANT MARS, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 4th day of September, 2015.

        */s/ Jennifer H. Doan*
        Jennifer H. Doan