# EXHIBIT 3

Transaction History Date: 1994-09-23
Date information retrieved from USPTO Patent
Application Information Retrieval (PAIR)
system records at www.uspto.gov



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**

Address   COMMISSIONER OF PATENTS AND TRADEMARKS
Washington D C 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO |
|---|---|---|---|
| 07/851,593 | 03/16/92 | HE TNA | I |

E2M1/0923

MICHAEL B EINECHLAG
2569 FERNHILL DRIVE
LOS ALTOS HILLS  CA  94024

| EXAMINER |
|---|
| HOMERE |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2107 | 6 |

DATE MAILED

**BEST COPY**

Th s is a communication from the examiner in charge of your application
COMMISSIONER OF PATENTS AND TRADEMARKS

☒ This application has been examined      ☐ Responsive to communication filed on _07/21/94_  ☒ This action is made final

A shortened statutory period for response to this action is set to expire_ *Three* _ month(s) ———— days from the date of this letter
Failure to respond within the period for response will cause the application to become abandoned      35 U S C 133

**Part I    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION**

1  ☐ Notice of References Cited by Examiner  PTO 892          2  ☐ Notice re Patent Drawing  PTO 948
3  ☐ Notice of Art Cited by Applicant  PTO 1449               4  ☐ Notice of Informal Patent Application  Form PTO 152
5  ☐ Information on How to Effect Drawing Changes  PTO 1474    6  ☐ _____

**Part II    SUMMARY OF ACTION**

1  ☒ Claims _____ 30 - 81 _____ are pending in the application

     Of the above  claims  _____ are withdrawn from consideration

2  ☐ Claims _____ have been cancelled

3  ☐ Claims _____ are allowed

4  ☒ Claims _____ 30 - 81 _____ are rejected

5  ☐ Claims _____ are objected to

6  ☐ Claims _____ are subject to restriction or election requirement

7  ☐ This application has been filed with informal drawings under 37 C F R  1 85 which are acceptable for examination purposes

8  ☐ Formal drawings are required in response to this Office action

9  ☐ The corrected or substitute drawings have been received on _____ Under 37 C F R  1 84 these drawings
      are  ☐ acceptable  ☐ not acceptable (see explanation or Notice re Patent Drawing  PTO 948)

10  ☐ The proposed additional or substitute sheet(s) of drawings  filed on _____ has (have) been  ☐ approved by the
      examiner  ☐ disapproved by the examiner (see explanation)

11  ☐ The proposed drawing correction  filed on _____ has been  ☐ approved  ☐ disapproved (see explanation)

12  ☐ Acknowledgment is made of the claim for priority under U S C  119  The certified copy has  ☐ been received  ☐ not been received
      ☐ been filed in parent application serial no _____ filed on _____

13  ☐ Since this application appears to be in condition for allowance except for formal matters  prosecution as to the merits is closed in
      accordance with the practice under Ex parte Quayle  1935 C D  11  453 O G  213

14  ☐ Other

**EXAMINER'S ACTION**

PTOL 326 (Rev 9-89)

Serial Number   07/851,903                                              -2-

Art Unit   2307


1    Claims 30-81 are rejected under 35 U S C  § 112, second
paragraph, as being indefinite for failing to particularly point
out and distinctly claim the subject matter which applicant
regards as the invention

In claim 30, lines 3-4, and lines 5-6, the steps of "designating
the information as data", and "designating   as a label" are
ambiguous  As claimed, it is hard to follow what the applicant is
referring to exactly

In lines 7-8, and 9-10, the expression "the data structure" lacks
proper antecedent basis


2  Claims  31-38 are structurally and functionally identical to
the claim discussed above   Therefore, they are rejected on
similar grounds


3  Claims 39-81 are rejected for incorporating the errors of
their respective base claims


4    Applicant's arguments filed 07/21/94 have been fully
considered but they are not deemed to be persuasive

Serial Number  07/851,903                                              -3-

Art Unit  2307

5    The following is a quotation of 35 U S C. § 103 which forms

the basis for all obviousness rejections set forth in this Office

action

> A patent may not be obtained though the invention is not
> identically disclosed or described as set forth in section
> 102 of this title, if the differences between the subject
> matter sought to be patented and the prior art are such that
> the subject matter as a whole would have been obvious at the
> time the invention was made to a person having ordinary
> skill in the art to which said subject matter pertains
> Patentability shall not be negatived by the manner in which
> the invention was made
>
> Subject matter developed by another person, which qualifies
> as prior art only under subsection (f) or (g) of section 102
> of this title, shall not preclude patentability under this
> section where the subject matter and the claimed invention
> were, at the time the invention was made, owned by the same
> person or subject to an obligation of assignment to the same
> person
>
> This application currently names joint inventors    In
> considering patentability of the claims under 35 U S C  § 103,
> the examiner presumes that the subject matter of the various
> claims was commonly owned at the time any inventions covered
> therein were made absent any evidence to the contrary   Applicant
> is advised of the obligation under 37 C F R  § 1 56 to point out
> the inventor and invention dates of each claim that was not
> commonly owned at the time a later invention was made in order
> for the examiner to consider the applicability of potential 35
> U S C  § 102(f) or (g) prior art under 35 U S C  § 103

6    Claims 30-81 are rejected under 35 U S C  § 103 as being

unpatentable over Izawa (USP 5,179,658), in view of Goldhor (USP

5,231,670)

In reference to claims 30-81, Izawa taught of an operator

entering data which is stored, and through a keyboard retrieval

codes (labels) and titles are associated with the entered data

[col 4 lines 58-68 to col 5 lines 2 and 51-52, col 6 lines 18-

Serial Number   07/851,903                                    -4-

Art Unit   2307


24]  · The title/retrieval codes are in a data structure as shown
in Figure 2, see also col 5 lines 25-35, 46-57  Further, titles
are received·from the user and stored in a data structure [col 5
lines 51-52, Figure 2 col 5 lines 46-57]  The title data was in
hierarchical form as shown in Figure  The claimed feature of
receiving information to associate with the already received
label was taught in col 9 lines 27-42  Izawa also taught deletion
of a label [Fig 19, col 11 lines 61-68]  The user may retrieve
and access the stored data which may be referenced by titles
This action is indicating a position in the data structure and to
retrieve requires moving to the position [col 2 lines 53-61, col
6 lines 57-61]   The file label may be changed/inserted [see Fig
25, col 13 lines 27-34]  Labels may be changed [Fig 25, col 13
lines 27-34]  The user may select a module to be transmitted and
displayed [Fig 14 and 17]  The user, in the selecting process,
may choose to switch documents (which is moving vertically)  or
switch pages (which is moving horizontally) [see Figs 2 and 14-
15, col 5 lines 46-57, col 11 starting at line 3]
Izawa did not specifically teach the use of audio or speech
information   Goldhor taught a system which generates text from
voice input [col 3 lines 37-46]   The claimed feature of storing
audio information was taught in col 2 lines 40-46, col 3 lines
37-42, because the processing features discussed inherently
requires storage of the data   Information related to each event,

Serial Number   07/851,903                                        -5-

Art Unit   2307


a label, is stored in the data structure [col 2 lines 47-55]   It

would have been obvious to one of ordinary skill in the art at

the time of the present invention to use audio information that

has been generated into text because this provides the

versatility of allowing the user to dictate the document which

was the goal of Goldhor's system


Further, portions of the "label" information, such as the

title, are entered with or before the document [col 9 lines 27-

42]   Other portions, such as the address and size of the

document [see Fig 10] are entered after the document [col 9 lines

17-25]   The use of receiving facsimile information was not

specifically taught by Izawa   However, whether the information

received was audio, facsimile or data from a keyboard it would

have been obvious to one of ordinary skill in the art at the time

of the present invention to use any data with the filing system

because it increases the versatility of the system to enable many

input means for inputting the data

Serial Number  07/851,903                                    -6-

Art Unit  2307

### REMARKS

In light of the new claims 30-81 presented to more clearly define
the present invention, the examiner withdraws the 102 rejections
However, there exists some ambiguities in the new claims hereby
submitted (see paragraphs 1-3 above)  Further, the examiner
kindly notices that it would have been obvious to a routineer in
dp to combine the teachings of Izawa and Goldhor to produce a
method as covered by the new claims 30-81 for the reasons
outlined in the above paragraph

7    **THIS ACTION IS MADE FINAL**   Applicant is reminded of the
extension of time policy as set forth in 37 C F R  § 1 136(a)

    A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS FINAL
ACTION IS SET TO EXPIRE THREE MONTHS FROM THE DATE OF THIS
ACTION   IN THE EVENT A FIRST RESPONSE IS FILED WITHIN TWO MONTHS
OF THE MAILING DATE OF THIS FINAL ACTION AND THE ADVISORY ACTION
IS NOT MAILED UNTIL AFTER THE END OF THE THREE-MONTH SHORTENED
STATUTORY PERIOD, THEN THE SHORTENED STATUTORY PERIOD WILL EXPIRE
ON THE DATE THE ADVISORY ACTION IS MAILED, AND ANY EXTENSION FEE
PURSUANT TO 37 C F R  § 1 136(a) WILL BE CALCULATED FROM THE
MAILING DATE OF THE ADVISORY ACTION   IN NO EVENT WILL THE
STATUTORY PERIOD FOR RESPONSE EXPIRE LATER THAN SIX MONTHS FROM
THE DATE OF THIS FINAL ACTION

Serial Number   07/851,903                                              -7-

Art Unit   2307


Any inquiry concerning this communication or earlier

communications from the examiner should be directed to

Jean R  Homere whose telephone number is (703) 308-6647

   Any inquiry of a general nature or relating to the

status of  this application should be directed to the

Group receptionist whose telephone number is (703)

305-9600


THOMAS G BLACK
SUPERVISORY PATENT EXAMINER
GROUP 2300