**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **EDEKKA LLC,**<br><br>　　**Plaintiff,**<br><br>　v.<br><br>**3BALLS.COM, INC.,**<br><br>　　**Defendant.** | **CIVIL ACTION NO. 2:15-cv-541-JRG**<br><br><br>**JURY TRIAL DEMANDED** |
| **EDEKKA LLC,**<br><br>　　**Plaintiff,**<br><br>　v.<br><br>**E REVOLUTION VENTURES, INC., ET AL.,**<br><br>　　**Defendant.** | **CIVIL ACTION NO. 2:15-cv-585-JRG**<br><br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF EDEKKA LLC'S OPPOSED MOTION FOR LEAVE TO TAKE LIMITED EXPEDITED DISCOVERY ON DEFENDANTS' ASSERTION THAT THE SETTLEMENTS SOUGHT BY EDEKKA ARE FOR COST OF DEFENSE

Plaintiff eDekka LLC ("eDekka"), through its undersigned counsel, respectfully requests that this Court grant Plaintiff leave to conduct limited expedited discovery on defendants' assertion that eDekka settled for far below the cost of defense. Specifically, eDekka is seeking discovery on the amount of fees that defendants actually paid Fish & Richardson P.C. to defend against eDekka's accusation of infringement and the amount of fees that Fish & Richardson P.C. offered to charge defendants to defend against eDekka's accusation of infringement. Plaintiff requested that Fish & Richardson P.C. provide such information. However, Fish & Richardson P.C. opposes this motion and stated that eDekka could not take discovery on the issue and

therefore eDekka is seeking leave of the Court for such discovery. In support of its motion, eDekka states as follows:

Rule 26 permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefits." Fed. R. Civ. P. 26(b)(1). As explained below, the discovery sought by eDekka is relevant to defendants' claim for attorneys' fees and is necessary to allow eDekka to defend against defendants' assertions. The information sought is not privileged because the defendants have waived any privilege (to the extent any existed) because they have to disclose that information in order to recover their requested fees.

A group of defendants filed a combined motion requesting a declaration that this case is exceptional in part because the defendants allege eDekka settled cases for amounts far below the cost of defense. (*See* Defs.' Mtn., Dkt. No. 136, p. 13-15). eDekka is therefore seeking discovery on defendants' actual cost of defense in addition to the proposed cost of defense that Fish & Richardson offered to other defendants who settled with eDekka to determine whether the facts support defendants' arguments.[1] eDekka believes discovery will reveal that eDekka's average settlements were not based on the cost of defense for defendants or offers to defend made by Fish & Richardson P.C. For example, throughout the course of the litigation various defendants disclosed that Fish & Richardson P.C. offered to defend against eDekka's lawsuits

---

[1] Discovery is appropriate on what Fish & Richardson offered to other defendants who settled with eDekka because if Fish & Richardson offered to represent defendants for less than the settlement amounts, then it means that defendants were not settling for the cost of defense.

for around $5,000; which is less than eDekka's average settlement.  *See* 2:15-cv-541, Dkt. No. 18 Decl. of LaPray.  The defendants, however, have been unwilling to provide any discovery of the actual cost of defense or the cost of defense offered by their attorneys Fish & Richardson P.C. eDekka is therefore being refused important evidence directly relevant to defendants' contention that its attorneys' fees are more that eDekka's settlements.  Furthermore, the fact that defendants did not provide any evidence of their attorneys' fees to support their contention that eDekka was settling for cost of defense strongly implies that defendants' attorneys' fees do not support their argument.

The costs of taking the limited discovery requested by eDekka are minimal and are outweighed by the benefits.  eDekka's discovery requests are specific and easy to answer. eDekka's requests relate to the amount offered by Fish & Richardson P.C. to represent a defendant and the actual amounts paid.  The requests are not burdensome because the defendants represented by Fish & Richardson P.C. will have to produce this information inevitably to prove their attorneys' fees in the event the Court grants defendants' motion.

The requested information is readily accessible.  All of the information is stored at Fish & Richardson P.C.'s office and should be readily available in the form of account statements and the personal knowledge of attorneys at the firm.  Plaintiff estimates that a single attorney with knowledge of the cases could complete the discovery requests in less than an hour.

It is reasonably likely that discovery will lead to admissible evidence.  As explained above, various defendants disclosed that Fish & Richardson P.C. offered to defend against eDekka's lawsuits for around $5,000.  *See* 2:15-cv-541, Dkt. No. 18 Decl. of LaPray.  eDekka

therefore has a reasonable basis to believe Fish & Richardson P.C. is in possession of information that proves this is not an exceptional case.

eDekka further requests that it be allowed take discovery directly from Fish & Richardson P.C. The requested information is in the possession of Fish & Richardson P.C. Therefore, the most efficient way to conduct discovery is to take it from Fish & Richardson P.C., rather than from 23 individual defendants. In the alternative, eDekka requests permission to take discovery from each of the 23 defendants that Fish & Richardson P.C. represents.

Dated: November 5, 2015

Respectfully submitted,

By: */s/ Austin Hansley*
**AUSTIN HANSLEY P.L.L.C.**
Austin Hansley
Texas Bar No.: 24073081
Brandon LaPray
Texas Bar No.: 24087888
Benton Patterson
Texas Bar No.: 24095088
5050 Quorum Dr., Suite 700
Dallas, Texas 75254
Telephone:   (469) 587-9776
Facsimile:    (855) 347-6329
Email: Austin@TheTexasLawOffice.com
www.TheTexasLawOffice.com
**ATTORNEYS FOR PLAINTIFF
EDEKKA LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2015, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, Marshall Division, using the electronic case filing system of the court. The electronic case filing system

sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Austin Hansley*
Austin Hansley

## CERTIFICATE OF CONFERENCE

     I hereby certify that on November 4, 2015 I conferred with Michael Bittner of Fish & Richardson P.C., counsel for a group of defendants moving for attorney's fees. Counsel for the Fish and Richardson P.C. group of defendants is opposed to this motion.

*/s/ Austin Hansley*
Austin Hansley
