**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **EDEKKA LLC,** | |
| **Plaintiff,** | **CIVIL ACTION NO. 2:15-cv-541-JRG** |
| **v.** | **CONSOLIDATED CASE** |
| **3BALLS.COM, INC.,** | |
| **Defendant.** | **JURY TRIAL DEMANDED** |
| **EDEKKA LLC,** | |
| **Plaintiff,** | **CIVIL ACTION NO. 2:15-cv-585-JRG** |
| **v.** | **CONSOLIDATED CASE** |
| **E REVOLUTION VENTURES, INC.,** | |
| **Defendant.** | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S COMBINED RESPONSE AND OBJECTIONS TO DEFENDANTS'
ATTORNEY'S FEE SUBMISSIONS**

a

**<u>TABLE OF CONTENTS</u>**

I.  Law on recovering attorney's fees............................................................................. 1

II.  General Objections ................................................................................................... 3

    A.   No defendant may recovery any amount of attorney's fees because the combined motion for attorney's fees was not timely submitted. .......................................................... 3

III.  Specific Objections ................................................................................................. 4

    A.   Mars ................................................................................................................. 4

    B.   Organize-It ....................................................................................................... 6

    C.   Water Filters Direct.......................................................................................... 8

    D.   The Fish and Richardson P.C. group of defendants........................................... 9

IV.  Conclusion ............................................................................................................. 14

Plaintiff eDekka LLC hereby submits its objections to the attorney's fee submissions by Mars, Inc. (2:15-cv-585, Dkt. No. 179), Organize-It, LLC (*Id*. Dkt. No. 180), Water Filters Direct, LLC (*Id*. Dkt. No. 183) and the Fish and Richardson group of defendants (*Id*. Dkt. No. 178).  No defendant may recover any attorney's fees because the defendants' consolidated motion for attorney's fees was not timely submitted, and therefore does not meet the requirements of Rule 54.  Alternatively, if the Court does award attorney's fees, the defendants' evidence of attorney's fees should be marked down for numerous reasons including duplicate work, unnecessary briefing, unrecoverable clerical work, and vague ledger entries.  The hourly rate of counsel for Mars and the Fish and Richardson group should be adjusted downward to a fair and reasonable amount that is in line with other patent litigation attorneys practicing in the Eastern District of Texas.

## I.  LAW ON RECOVERING ATTORNEY'S FEES

The defendants may recover only those fees that were necessary to defend the underlying litigation.  The court should award attorney's fees for only such time that was reasonably expended on the litigation. *See Alberti v. Klevenhagen*, 896 F.2d 927, 933-34, modified in part on other grounds, 903 F.2d 352 (5th Cir. 1990)(on rehearing). The Court should exclude from this initial fee calculation hours that were not reasonably expended, and counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. *Davis v. Perry*, 991 F. Supp. 2d 809, 825-26 (W.D. Tex. 2014).  Al l claims for fees must be adequately documented.  Where the party seeking attorney's fees has failed to present adequately documented time records, the court may "exclude all time that is … inadequately documented." *Lyn-Lea Travel Corp. v. American Airlines*, 2000 U.S. Dist. LEXIS 14487, at *18 (N.D. Tex. Sept. 29 2000).

1

If an attorney's hourly rate exceeds the prevailing market rate, it should be marked down to a rate in line with the prevailing rate range for that type of work in this district. Awards of attorney's fees are granted at the prevailing market rate, not a particular attorney's customary rate. *See Hopwood v. Texas*, 236 F.3d 256, 281 (5th Cir. 2000) ("Hourly rates are to be computed according to the prevailing market rates in the relevant legal market, not the rates that 'lions at the bar may command.'") (quoting Leroy v. City of Houston, 906 F.2d 1068, 1079 (5th Cir. 1990)). *Lewallen v. City of Beaumont*, 2009 U.S. Dist. LEXIS 62503, *37 (E.D. Tex. July 20, 2009). Billing rates that exceed the customary rate should be adjusted downward.

Travel time is not billed at the full hourly rate in this district. In the Fifth Circuit, it is customary to bill travel time at half the standard hourly rate. *Lewallen v. City of Beaumont*, 2009 U.S. Dist. LEXIS 62503, at *29 (E.D. Tex. July 20, 2009), citing *In re Babcock*, 526 F.3d 824, 827-28 (5th Cir. 2008) (discussing various cases in which travel time was charged at one-half rates); *Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir. 1993).

The defendants' recovery is limited to legal work. Entries by paralegals should be scrutinized to determine if the work is legal or clerical. Clerical work tasks such as printing and filing are not awarded as attorney's fees. *Broyles v. Texas*, 2009 U.S. Dist. LEXIS 64080, 2009 WL 2215781 (S.D. Tex. July 23, 2009), citing *Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001); *Allen v. U. S. Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982).

Furthermore, entries that are vague or ambiguous should not be awarded as attorney's fees. *Louisiana Power & Light v. Kellstrom*, 50 F.3d 319, 326 (5th Cir. 1995). ("The district court may properly reduce or eliminate hours when the supporting documentation is too vague to permit meaningful review."). If the Court cannot reasonably determine what work the attorney performed from the entry, the Court should strike the entry.

2

## II.  GENERAL OBJECTIONS

**A.  No defendant may recovery any amount of attorney's fees because the combined motion for attorney's fees was not timely submitted.**

Awards of attorney's fees in federal court are governed by Rule 54.  Rule 54(d)(2)(B) sets for a list of necessary elements to recover attorney's fees.   Rule 54(d)(2)(B) states:

> (B) Timing and Contents of the Motion. Unless a statute or a court
> order provides otherwise, the motion must:
> (i) be filed no later than 14 days after the entry of judgment;

Rule 54(a) defines Judgment, as used in the rules, to " include[] a decree and any order from which an appeal lies. A judgment should not include recitals of pleadings, a master's report, or a record of prior proceedings."

The defense group did not submit its motion for attorney's fees within 14 days of the entry of the Court's order invalidating the patent, nor did they submit the motion within the time provided in the Court's order instructing them to file a consolidated brief within 14 days of September 21, 2015.  Therefore, the defendants cannot recover attorney's fees because they do not meet one of the required elements under Rule 54—a timely filed motion.

The Court issued the order granting the defendants various motions to dismiss for failure to claim patent-eligible subject matter on Monday September 21, 2015. (2:15-cv-585, Dkt. No. 80).  This order is a judgment for purposes of Rule 54 according to subsection (a).  That same day, the Court issued another order directing the defendants to file a single brief addressing attorney's fees claims within 14 days of that order. (A copy of the order is attached as Exh. A). Fourteen days from September 21, 2015 is October 5, 2015.  The defendants filed their motion a day late, on October 6, 2015. (2:15-cv-585, Dkt. No. 114).  Thus, the defendants fail to meet a statutory prerequisite to recovering attorney's fees.

3

The defendants may argue that they should receive an extra day to file their motion for attorney's fees because the Court's order directing them to file a combined motion did not appear in PACER until September 22, 2015.  This is no excuse.  According to the statute, it is the date of the order that determines when the motion for attorney's fees is due.  The order is dated September 21, 2015.  The date a clerk enters a document into PACER is irrelevant. *Waller v. Sec'y of HHS*, 76 Fed. Cl. 321, 2005 U.S. Claims LEXIS 405 (Fed. Cl. 2005) (holding a responsive motion was filed late when it was based on the date of a PACER entry, rather than the date of the court's order).  Additionally, the order states that the defendants' brief is due 14 days from the date of the order (September 21st), not the day the defendants receive the order.

The Fifth Circuit has analyzed similar situations and affirmed a denial of attorney's fees based on a failure to timely file a motion under Rule 54. *United Indus. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 766 (5th Cir. 1996) ("It is undisputed that United did not file a motion for attorneys' fees within fourteen days of entry of judgment as required by Rule 54(d). This failure to file within the allotted period serves as a waiver of its claim for attorneys' fees.").  Other district courts hearing similar facts have denied attorney's fees when a defendant missed its deadline to file a motion for attorney's fees by one day.  *Breaux v. Am. Family Mut. Ins. Co.*, 2007 U.S. Dist. LEXIS 72765, at *4-5, 19 (D. Colo. Sept. 27, 2007).

Therefore, eDekka requests that the Court award zero attorney's fees because the defendants did not satisfy the timely filing requirement of Rule 54, and are therefore ineligible to recover attorney's fees as a matter of law.

### III.  SPECIFIC OBJECTIONS

#### A.  Mars

Mars' fee submission contains numerous duplicate and triplicate entries.  For example, on July 21, 2015 there are three entries for "conferring with client regarding status of litigation."

4

Similarly on July 26, 2015 there are three entries for "Research and draft Mars' motion to

dismiss . . . ."  Again, on July 27 there are three entries for "Finalize Mars' motion to dismiss

under Alice." The spreadsheet attached to Mars' fee submission as Exhibit A contains numerous

other duplicate and triplicate entries concerning similar matters.

Mars' has not met its burden to prove it is entitled to attorney's fees for these repetitive

billing entries.  eDekka requests that these duplicate and triplicate entries be stricken.  It appears

these represent clerical errors in the record keeping.  If they are not errors, then the additional

entries are too vague to support an award of attorney's fees.  A person reviewing the bill cannot

determine any difference between the duplicate and triplicate entries because they all share the

same work description.  Striking the duplicate and triplicate entries will reduce the total amount

of fees by 66% leaving approximately $8,447 in recoverable attorney's fees.

Mars' fee submission should be reduced because Mars' drafted an unnecessary Reply

brief.  Mars' motion is very similar to other motions to dismiss filed by the Fish and Richardson

group of defendants, Forever 21, Inc., and Balsam Hill LLC.  eDekka filed a single Response to

the Fish and Richardson motion and incorporated its Response by reference to respond to the

other motions, including Mars' motion.  eDekka made no arguments specifically addressed to

Mars.

Fish and Richardson then filed a highly-detailed Reply addressing all the arguments in

eDekka's Response. (2:15-cv-541, Dkt. No. 43).  Forever 21, Inc. (2:15-cv-589, Dkt. No. 12) and

Balsam Hill LLC (2:15-cv-541, Dkt. No. 63) also filed lengthy, detailed Reply briefs attacking

the same Response eDekka filed against Mars.  By the time Mars began working on its Reply,

three Reply briefs were on file.  All three contained the same arguments Mars made.  Mars'

should have incorporated these other Reply briefs rather than draft a new document that is

duplicative of three other Reply briefs. All work on Mars' Reply brief was entirely unnecessary and should be cut from its award of attorney's fees.  eDekka requests that Mars' not be awarded attorney's fees for the research, drafting, editing, organizing, and filing of Mars' Reply.  If the duplicate and triplicate entries discussed above are removed from the total, then the total amount of hours should be reduced by an additional 7.89 hours.[1]

The number of hours awarded to Mars' should be reduced for time spent on clerical work.  Although paralegal time may be recoverable, only if it is spent on legal work rather than routine clerical work.  Tessa C. Strasser performed numerous tasks that are not legal work, such as organizing files (10/26/2015, 0.13 hours) and updating calendars (9/16/2015, 0.13 hours).  Colleen R. Sphar also performed clerical work including preparing a docket calendar (9/16/2015, 0.27 hours).  These hours should be deducted from the total because they are not legal work.

Mars' attorneys' hourly rates far exceed the typical rate of patent litigation attorneys practicing in the Eastern District of Texas and should be marked down accordingly.  It appears Mark Davis billed at a rate around $992 per hour. Stephen Shahida billed at around $705 per hour.  These rates far exceed the standard rate for partner level attorneys practicing patent litigation in the Eastern District of Texas.  As will be discussed below in section D, the hourly rate should be adjusted downward to the range of $375 to $500 per hour.

## B.  Organize-It

Organize-It's fee submission contains numerous vague entries related to attorney communications.  A person examining the bill cannot reasonably determine what matter this time was spent on.  Examples of overly vague entries include.

---

[1] If the duplicate and triplicate entries are not stricken from the total, the time spent on the Reply brief is 23.67 hours, totally approximately $15,954.20.

- Cheli, Lyshak & Pohl, P.L.C. 7/11/2015, conferences with Mr. Pohl and Mr. Cheli, 0.2 hours and 0.2 hours (Exh. B)
- Cheli, Lyshak & Pohl, P.L.C. 7/15/2015, correspondence with Cedric Adams, 0.2 hours (Exh. B)
- Cheli, Lyshak & Pohl, P.L.C. 8/7/2015, review and respond to recent correspondence, 0.5 hours (Exh. C)
- Cheli, Lyshak & Pohl, P.L.C. 8/10/2015, review exchanges of correspondence regarding litigation and strategy (Exh. C)
- Cheli, Lyshak & Pohl, P.L.C. 8/20/2015, exchanges of communications concerning settlement and case prosecution, 0.2 hours (Exh. C)
- Cheli, Lyshak & Pohl, P.L.C. 10/6/2015, review exchanges of emails concerning settlement matters, 0.2 hours (Exh. J)
- VanOphem IP Law PLC 9/11/2015, attention to communications regarding settlement, 0.4 hours (Exh. G)

Other vague entries include repeated communications with the joint defense group.  The time entries do not state what subject matter was discussed.  *See* Potter Minton invoice entries on 9/1/2015 DAN (phone conferences with co-defendant local counsel), 9/2/2015 DAN (telephone conference regarding settlement issues), 9/9/2015 AFG (Exh. H).  eDekka requests the Court strike the vague entries from Organize-It's total recoverable number of hours because the work is insufficiently documented.

Organize-It's attorney's spent an unreasonably high amount of time preparing for the hearing on the motion to dismiss concerning section 101.  At that hearing, Mr. Bittner of Fish and Richardson spoke on behalf of the entire joint defense group.  No other attorney presented oral argument on behalf of the defense side.  Organize-It's attorneys spent 5.8 hours preparing for a hearing at which they were not going to present oral arguments. *See* Potter Minton invoice entries 9/9/2015 AFG 0.30, 9/9/2015 LNW 1.00, 9/10/2015 AFG 2.00, 9/10/2015 LWN 2.00, 9/9/15 DAN 0.50 (Exh. H).  eDekka requests that these hours be marked down to a more reasonable amount of 1 or 2 hours.

Organize-It's invoice also contains entries for clerical work, which may not be recovered as attorney's fees.  It includes 1.2 hours for printing and filing the pleadings. *See Cheli, Lyshak & Pohl, P.L.C. invoice 9/4/2015* (Exh. F).  This time should be stricken from the total because it is not legal work.

eDekka does not object to the rate changed by Organize-It's counsel.  Organize-It retained two attorneys who practice in the Eastern District of Texas:  Allen Gardner, who charged $450 per hour, and Daniel Noteware, who charged $400 hour.  Both attorneys are partners who specialize in patent litigation in the Eastern District of Texas.  Both have 10 plus years of practice experience.  Organize-It's other attorneys practice in Michigan.  Mr. VanOpem changed $300 per hour and Mr. Cheli appears to charge approximately $235 per hour.  eDekka agrees that these are reasonable hourly rates for patent litigation work in this district.

### C.  Water Filters Direct

Water Filters Direct ("WFD") cannot recover any attorney's fees because it is not a prevailing party.  eDekka incorporates by reference and adopts the arguments made its response to the Defendants' combined motion for attorney's that were directed to the misjoinder of Water Filters Direct. (2:15-cv-585, Dkt. No. 118).

eDekka objects to the 8.1 hours billed for attending the hearing on the motion to dismiss. WFD did not move to dismiss eDekka's complaint, nor did it join another defendant's motion. Attending the hearing was not necessary for WFD's defense.  Furthermore, a majority of the time was spent driving from Houston to Marshall and back.  At the very least, travel time to attend a hearing on a motion that WFD did not join should be stricken or marked down to a half of the going rate. *See Lewallen v. City of Beaumont*, 2009 U.S. Dist. LEXIS 62503, *29 (E.D. Tex. July 20, 2009) (noting in the Fifth Circuit it is customary to bill travel time at half the

standard rate).  Assuming 1 hour was spent attending the hearing, the remaining 7.1 hours should

be cut in half to 3.7 hours, for a new total of 4.7 hours for attending the hearing (a reduction from

$4,009.50 to $2,326.50).

Counsel's time spent filing the Reply brief in support of Defendants' motion for

attorney's fees should be stricken because it is duplicative. 11/5/2015 CJR 1.1 hours (WFD Exh.

A).  Mr. McNabnay filed the Reply brief earlier in the day. (2:15-cv-585, Dkt. No. 157).  Later

the same day, Mr. Rogers filed the same Reply brief. (*Id*. No. 158).  The two documents are

identical.  eDekka requests the Court strike $544 from the WFD invoice for duplicative time

spent preparing and filing a second copy of the fees Reply brief.

eDekka does not object the hourly rate of Charles Rogers, counsel for Water Filters

Direct.  Mr. Rogers charged a rate of $495 per hour.  He is a partner and director at a law firm

specializing in intellectual property law and has 20 plus years of practice experience.  This rate is

at the high end of the prevailing rates, but is reasonable considering the experience of counsel.

### D.  The Fish and Richardson P.C. group of defendants

Each defendant has a small bill for work specific to that client and a common bill for

work applied to all members of the Fish and Richardson group.  eDekka will first address the

specific bills and then the common bill.

The specific bills for each of the Fish and Richardson defendants that were consolidated

in the *3balls.com, Inc.* cases contain repetitive work that should be part of the group bill.  Each

individual bill contains 0.3 hours for reviewing the consolidation order.  The same consolidation

order was entered in all the 3balls.com cases. *See* Exhs. A, B, C, D.  Fish and Richardson should

only recover one of these time entries, not four.  To the extent that counsel did individually

review the consolidation order for each individual defendant, eDekka objects because 1.2 hours

for reviewing a consolidation order is an excessive amount of time.  This amount should be reduced by 0.9 hours ($796.50).

Moving on to the shared portion of the bill, there are several entries for legal work unrelated to defending eDekka's lawsuits.  First, the 0.7 hours ($619) spent by Mr. McNabnay reviewing the Kroy IP case should be marked down. 6/4/2015 NJM (Exh. A, p. 3).  Any patent litigation attorney would have reviewed this case and the time is not tied to defending eDekka's lawsuits.  Mr. McNabnay also billed $704 for reviewing eDekka's motion to dismiss See's Candy Shops, Inc.'s  patent misuse counterclaim. 9/14/15 NJM (Exh. A p. 28).  This time is not reasonably attributable to defending the case against his clients.  No defendant represented by Fish and Richardson brought a patent misuse counterclaim.  While there is some advantage to being familiar with the case, no reasonable client would pay for reviewing claims unique to another defendant.

Counsel also billed time for discussing the case with third parties and reading news articles about the case.  Again, a reasonable client would not pay for this. Time spent discussing the case with the Electronic Frontier Foundation it is not part of defending the case.  10/18/15 DBC 0.5; 10/18/15 NJM 0.7; 11/2/15 NJM 2.3 (Fish and Richardson Fee Submission, Exh. A). Reviewing press coverage is also not part of defending the case. 10/22/15 DBC 0.2 (*Id.*).

Counsel billed approximately 25.9 hours for analyzing other patents owned by eDekka's principals that were not asserted in this case.  This work is not related to the defense of the case. Analyzing other non-asserted patents was an additional service provided to Fish and Richardson's clients, but is not necessary to defend against claims of infringement of the '674 Patent.  eDekka request that 25.9 hours be stricken because those hours are not related to the defense of this case.

10

Fish and Richardson spent an excessive number of hours on its clients' Reply to eDekka's Response to the motion to dismiss.  Fish and Richardson prepared and filed a similar Reply in the 2014 litigation involving eDekka. *eDekka LLC v. Shoebuy.com, Inc.*, 2:14-cv-485, Dkt. No. 15 (E.D. Tex. 2014).  The 2015 version of the Reply has updated citations, a few different arguments, and some additional footnotes.  Fish and Richardson billed 21.8 hours for updating the Reply brief.[2]  This seems to be an excessive amount when most of the document was already drafted.  eDekka requests that this number be adjusted downward to a more reasonable number of hours, such as 5 hours.

Further, the bill contains duplicative entries for reviewing the Court's order granting the section 101 motion to dismiss.  Three attorneys' each billed for their time reviewing the order.  9/21/2015 – 9/22/2015 entries by NJM, MRB, and DBC (Fish and Richardson Fee Submission, Exh. A).   eDekka requests that two of these three entries be stricken.

Some bill entries appear to be clerical errors.  Phone conversions are recorded that did not take place.  There are numerous entries stating that Mr. McNabay conferred with eDekka.  10/8/15 NJM; 10/29/15 NJM 0.4; 10/30/15 NJM 0.6; 11/2/15 NJM 2.3; 11/19/15 NJM 0.3.  This never occurred.  Counsel for eDekka has never spoken to Mr. McNabnay throughout the entire case (although counsel has spoken with numerous other attorneys at Fish and Richardson P.C.).  (Decl. of Patterson ¶¶ 2,3; Decl. of LaPray ¶¶ 2,3; Decl. of Hansley ¶¶ 2,3).  These entries appear to be duplicate entries of phone conversations with Mr. Bittner or other attorneys at Fish and Richardson P.C.

---

[2] 7/11/15 TYD 2.5; 7/13/15 TYD 5.0; 7/14/15 DBC 1.0; 7/14/15 TYD 6.0; 7/14/15 NJM 1.1; 7/15/15 TYD 2.5; 7/20/15 TYD 1.5; 7/20/15 NJM 0.6; 7/20/15 MRB 1.6 (21.8 hours total) (Fish and Richardson Fee Submission, Exh. A).

The bill contains numerous entries for clerical work that are not recoverable as attorney's fees.  Nearly every entry by EMP is for reading a document and then updating a docket calendar or uploading the document to a client extranet.  These are clerical tasks, not substantive legal work.  Therefore, these record keeping entries should not be recoverable as attorney's fees.  This amount totals $2,967.00 from the shared portion of the bill and approximately $129.00 from each defendant's individual bill.

The bill also includes time spent on the appeal currently before the Federal Circuit.[3] eDekka objects to time spent on the appeal because the outcome is uncertain.  At minimum, the Court should make any award of appellate fees contingent upon the defendants' prevailing on appeal.

eDekka objects to the hourly rate charged by Neil McNabnay, David Conrad, Michael Bittner, and Ricardo Bonilla because their hourly rates greatly exceed the typical hourly rates for similar work in this district.  The hourly rates, position, the attorney's years' of experience, and eDekka proposed reduction are as follows:

| Attorney name | Title | Years of experience | Hourly rate billed | eDekka's proposed markdown rate |
|---|---|---|---|---|
| Neil McNabnay | Principal | 18 years' experience | $885 | $442 |
| David Conrad | Principal | 8 years' experience | $730 | $365 |
| Michael Bittner | Principal/Associate [4] | 8 years' experience | $695 | $347 |
| Ricardo Bonilla | Associate | 3 years' experience | $515 | $257 |

[3] 10/21/15 NJM 0.3; 10/27/15 DBC 2.1; 10/27/15 NJM 2.2; 11/2/15 MRB 0.6; 11/4/15 MRB 1.6; 11/5/15 DBC 0.9; 11/9/15 MRB 0.9; 11/9/15 EMP 0.3; 11/9/15 NJM 0.7; 11/10/15 EMP 0.2; 11/19/15 0.3 (Fish and Richardson fee submission, Exh. A).
[4] It appears Mr. Bittner was promoted during the course of the litigation.

These rates are nearly double what similar practitioners charge.  The other attorneys who submitted proof of fees who regularly practice in the Eastern District of Texas charge $400, $450, and $495.[5]  Each are partner level attorneys specializing in patent litigation with 10 to 20 plus years of experience.

Fish and Richardson's rates are not internally consistent.  Another Fish and Richardson attorney who worked on the case, Theresa Dawson, has nine years of experience and billed $315 dollars per hour, which would be a reasonable rate. ( *See* Fish and Richardson Fee Submission, Exh. A).

The Fish and Richardson rates far exceed the standard intellectual property attorney rates as reported by the American Intellectual Property Law Association 2015 Report of the Economic Survey. (Attached as Exhibit B).[6]  Partner level attorneys with 15 to 24 years of experience, like Mr. McNabnay, bill on around $500 per hour, with a 1st and 3rd quartile range between $390 and $575. *Id*. p. 18.  Partner level attorneys having between 7 and 9 years' experience, like Mr. Conrad and Mr. Bittner, bill at around $350 per hour on average, with a 1st and 3rd quartile range between $275 and $410. *Id.*  Associate attorneys with fewer than 5 years of experience, like Mr. Bonilla, on average bill around $275 per hour, with a 1st and 3rd quartile range between $210 and $300. *Id*. p. 20.[7]

While each of these attorney's may be highly-skilled such that they may consistently bill at such high rates, for purposes of this award of attorney's fees, the rates should be marked down

---

[5] Mr. Noteware, Mr. Gardner, and Mr. Rogers respectively.

[6] This Court has used the AIPLA economic survey to determine the reasonableness of attorney's fees in patent cases.  *See PACT XPP Techs., AG v. Xlinx, Inc*., 2013 U.S. Dist. LEXIS 125819, *9-10 (E.D. Tex. Sept. 3, 2013) (Payne, J.) (reducing hourly rates that exceed the 75th percentile).

[7] These are national figures, which include the high number of attorneys who practice in expensive locations like New York City, Washington D.C., and San Francisco.  The Eastern District of Texas is, in comparison, a less expensive place to live and run a law firm.

to the prevailing rate, rather than the rate of the "lions of the bar." *See Hopwood v. Texas*, 236 F.3d 256, 281 (5th Cir. 2000) ("Hourly rates are to be computed according to the prevailing market rates in the relevant legal market, not the rates that 'lions at the bar may command.'") (quoting *Leroy v. City of Houston*, 906 F.2d 1068, 1079 (5th Cir. 1990)).

## IV.  CONCLUSION

Plaintiff eDekka LLC requests that the defendants be awarded zero attorneys' fees because they fail the timely-filed motion requirement of Rule 54.  In the alternative, eDekka LLC requests that the number of hours and the hourly rates be marked down in accordance with the above arguments.


Dated: January 10, 2016

Respectfully submitted,

By: */s/ Austin Hansley*
Austin Hansley
Texas Bar No.: 24073081
Brandon LaPray
Texas Bar No.: 24087888
Benton Patterson
Texas Bar No.: 24095088
**AUSTIN HANSLEY P.L.L.C.**
5050 Quorum Dr., Suite 700
Dallas, Texas 75254
Telephone:      (469) 587-9776
Facsimile:      (855) 347-6329
Austin@TheTexasLawOffice.com
Brandon@TheTexasLawOffice.com
Benton@TheTexasLawOffice.com
**ATTORNEYS FOR PLAINTIFF
EDEKKA LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 10, 2016, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, Marshall Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

<u>/s/ *Benton Patterson*</u>
Benton Patterson